**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**GREY ROCK RESOURCES, LLC**          **CIVIL CASE NO.**_____
**and GREY ROCK FUELS, LLC**

**VS**                                **JUDGE JAMES DAVID CAIN, JR.**

**ALLIANZ GLOBAL CORPORATE**
**& SPECIALTY, AGCS MARINE**
**INSURANCE COMPANY,**                **MAGISTRATE JUDGE KATHLEEN KAY**
**LOCKTON COMPANIES, LLC and**
**AMWINS BROKERAGE OF**
**ALABAMA, LLC**

-------------------------------------------------------------------------------------------------------------------

## COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT, through undersigned counsel, comes **PLAINTIFF, GREY ROCK RESOURCES, LLC and GREY ROCK FUELS, LLC,** further referred to as **"PLAINTIFFS"**, who respectfully represents:

1.

Made Defendants herein:

1. **ALLIANZ GLOBAL CORPORATE & SPECIALTY,** further referred to as **"ALLIANZ",** a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State located at 8585 Archives Avenue, Baton Rouge, Louisiana 70809;

2. **AGCS MARINE INSURANCE COMPANY,** further referred to as **"AGCS",** a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State located at 8585 Archives Avenue, Baton Rouge, Louisiana 70809;

3. **LOCKTON COMPANIES, LLC,** further referred to as **"LOCKTON",** a foreign brokerage firm authorized to do and doing business in the State of Louisiana that can be served through the Secretary of State located at 8585 Archives Avenue, Louisiana 70809; and

Page 1

4. **AMWINS BROKERAGE OF ALABAMA, LLC,** further referred to as **"AMWINS"** a foreign brokerage firm authorized to do and doing business in the State of Louisiana that can be served through the Commissioner of Insurance located at 1702 North Third Street Baton Rouge, Louisiana 70802.

## JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

Plaintiff is a Texas Corporation with resources located at 1221 N. 1st Avenue Lake Charles, Louisiana and 604 North Enterprise Boulevard Lake Charles, Louisiana.

4.

On information and belief, ALLIANZ is a corporation formed and headquartered in Chicago, Illinois.

5.

On information and belief, ACGS is a corporation headquartered in Chicago, Illinois.

6.

On information and belief, LOCKTON is a corporation headquartered in Kansas City, Missouri.

7.

On information and belief, AMWINS is a corporation headquartered in Birmingham, Alabama.

8.

Complete diversity between the parties exists.

9.

The amount in controversy exceeds $75,000.00.

**CAUSES OF ACTION**

10.

AGCS represented itself as Allianz, a name known and respected across the globe. "We are ranked by inner-brand as one of the top global brands in the world and one of the world's most admired companies by fortune; and, most important for our customers, Allianz has alone, held a global reputation for delivering exceptional claim service." The Plaintiff, herein, through an Allianz broker, AMWINS Brokerage of Alabama, LLC, paid a premium in the amount of $78,559.25 for inland marine and property claim coverage issued under policy number SML93063291 which was in effect from November 20, 2019 to run through November 20, 2020.

11.

A Property Floater Declaration was added to the ALLIANZ policy number SML93063291 for an additional policy premium of $86,257.00 issued effective on December 26, 2019 running through November 20, 2020.

12.

The ALLIANZ policy provided coverage up to $1,720,000.00 for the dwelling and the Floater Declaration provided additional coverage up to $8,712,000.00 for the dwelling at 1221 North 1st Avenue located in Lake Charles, Louisiana. The policy provided coverage of $1,290,000.00 for the dwelling and the Floater Declaration provided an additional $3,735,000.00 for the dwelling at 604 North Enterprise Boulevard located in Lake Charles, Louisiana. These policy limits were for "any one occurrence."

13.

The policy provided coverage to business personal property up to $800,000.00 for 1221 North 1st Avenue location and $100,000.00 business personal property for 604 North Enterprise Boulevard location.

14.

The policy has a Windstorm or Hail Scheduled flat deductible of $25,000.00 at the covered locations. However, it was later learned that ALLIANZ, AMWINS, LOCKTON changed the deductible to 5% with a minimum of $25,000.00. Plaintiff was not notified of the change nor did he sign any agreement to consent to the change of the deductible and only learned about the change until after the storms.

15.

Plaintiffs are commodity brokers that have an inland marine division located on the Calcasieu River at both of the locations. Fuel products are transferred from rail and/or trucks to a tank area that is later loaded onto barges at the river. Both locations have administrative offices, have large tank areas for storage of product, and lines that transfer the product to the dockside to be shipped.

16.

 On or around August 27, 2020, Hurricane Laura, a category 4 hurricane, struck the southwest Louisiana coast causing devastating losses and damages to homes and commercial properties including Plaintiffs' locations.

Shortly after Hurricane Laura traveled across the area, Plaintiff reported the claim to all defendants. Plaintiff also hired a public adjuster, Chris Macey, to complete an evaluation as well.

17.

Allianz sent inspectors to the property on September 3, 2020 and subsequently sent an engineer to review the damages. Allianz further hired Madsen, Kneppers & Associates, Inc. out of New Orleans, Louisiana as consultants to review the damage. Allianz also had someone stake out the property, driving up and down the road taking photographs of the property from the road.

18.

Despite the four different inspections, Allianz chose to enter into a letter and email writing contest instead of advancing any monies toward either location even though Plaintiffs were in dire need of restoration of tank farms and administrative buildings.

19.

Chris Macey, on behalf of Plaintiffs, presented Defendants with a statement of loss dated November 16, 2020 under the cover letter dated November 20, 2020 totaling $3,707,249.30. In the statement of loss, Macey advised that the adjustment would soon be modified. Modifications were sent on December 3, 2020 with a new total of $5,784,698.85. Macey, again, modified the adjustment on January 7, 2021 with a new total of $5,878.788.78. The statement of loss was bare bones, in as much as it left out much of the tank farm repairs, building repairs and did not include any overhead and profit for any of the contractors or subcontractors. Needless to say, Allianz did not forward or advance any money, despite of having this statement.

20.

In January, Plaintiffs hired the undersigned, who sent a letter on February 12, 2021 to Mr. David Lunt, the senior executive general adjuster for Sedgwick, who is the claims handling group for Allianz. The letter notifies Allianz that the senior claims consultant of Lockton Companies, who was working for Allianz, estimate damages at $783,407.00 and stating

underwriters should reserve the claim at $1,000,000.00. He indicated this was Allianz's undisputed amount as of September 14, 2020. Even with their own adjuster's recommendation, Allianz paid nothing on this claim. It was not until after Allianz received the notice of representation, did Plaintiffs, through counsel, receive an email on March 4, 2021 stating Allianz would tender an undisputed claim payment in the amount of $419,865.94. That amount was issued on March 16, 2021, an astounding 201 days after Hurricane Laura.

21.

On or around April 4, 2021 Plaintiff sent Allianz a proposal prepared by Gulfspan Industrial, LLC, who is a reputable Louisiana and Texas industrial contractor. Gulfspan estimates the total costs of repair to be $10,122,150.96. This includes the repair of 18 tanks, repair the docks, a large number of miscellaneous repairs for both locations and a subcontractor bid from AFCO 360 in the amount of $549,045.00. This bid, along with CIA Services who was employed to estimate the damage done to the two administrative offices, warehouse and storage houses at Plaintiffs' locations were also sent with Gulfspan's proposal to Thomas Tesoriero, Allianz's Executive General Adjuster.

22.

Once again, Mr. Tesoriero chose to enter into an email and letter writing campaign, doing nothing more than attempting to delay repairs to these two facilities. Allianz received a satisfactory proof of loss as of November 2020 to no avail. A supplemental satisfactory proof of loss was sent in December, January and again in March, all again to no avail.

23.

Both of these claims have been tendered for more than thirty (30) days, and under La. R.S. 22:1892, when an insurer refuses to pay or make an offer to settle a claim within thirty (30) days the insurers can be liable for penalties and attorney's fees and costs.

24.

La. R.S. 22:1973 states that failing to pay an insurance claim within 60 days after receiving a satisfactory proof of loss constitutes a breach of the insurer's duty of good faith and fair dealing when the failures are arbitrary, capricious and without probable cause. Allianz has violated all of these statutory obligations, duties and doings with Plaintiffs.

25.

La. R.S. 22:1973 identifies certain acts which constitutes a breach of the insurer's general duty to the insured of good faith and fair doing. An insurer like Allianz is prohibited from misrepresenting pertinent facts or insurance policy provisions related to coverages at issue. Allianz has misrepresented pertinent facts and insurance provisions in dealing with its insured. Allianz, Lockton and AMWINS conspired to alter the deductible of the policy in the end of 2019 without permission or approval from Plaintiffs.

26.

Despite numerous requests from Plaintiffs, the Allianz nor AMWINS have provided any documentation to support the increase of Plaintiffs' consent to increase the deductible. Which incidentally, decreased the assets of Plaintiffs.

27.

WHEREFORE, Plaintiff, Grey Rock Fuels, L.L.C. and Grey Rock Resources, L.L.C., prays that there be judgment in its favor against defendants, **ALLIANZ GLOBAL**

**CORPORATE & SPECIALTY, AGCS MARINE INSURANCE COMPANY; LOCKTON COMPANIES, L.L.C.;** and **AMWINS BROKERAGE OF ALABAMA, LLC**:

(1)     Finding ALLIANZ, AGCS, LOCKTON and AMWINS liable to GREY ROCK FUELS, L.L.C. and GREY ROCK RESOURCES, L.L.C. for the damages sought herein and for statutory penalties, damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding same to Grey Rock Fuels, L.L.C. and Grey Rock Resources, L.L.C.;

(2)     Finding ALLIANZ, AGCS, LOCKTON and AMWINS breach of contract, bad faith under the Louisiana Statutory law for the misleading of coverage; and

(3)     For any and all other relief that is justified under law and equity.

Respectfully submitted,

LUNDY, LUNDY, SOILEAU & SOUTH, LLP

/s/ Hunter W. Lundy
Hunter W. Lundy (#8938)
Matthew E. Lundy (#18988)
T. Houston Middleton, IV (#33281)
Daniel Kramer (#34624)
501 Broad Street (70601)
P.O. Box 3010
Lake Charles, LA 70602-3010
(337) 439-0707 - Telephone
(337) 439-1029 - Facsimile
*Attorneys for the **Plaintiffs,***
***Grey Rock Fuels, L.L.C. and***
***Grey Rock Resources, L.L.C.***

**SERVICE INSTRUCTIONS:**

**ALLIANZ GLOBAL CORPORATE & SPECIALTY**
Through its Agent of Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809;

**AGCS MARINE INSURANCE COMPANY**
Through its Agent of Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809;

**LOCKTON COMPANIES, L.L.C.**
Through its Agent of Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809; and

**AMWINS BROKERAGE OF ALABAMA, LLC**
Through its Agent for Service of Process
Commissioner of Insurance
1702 North Third Street
Baton Rouge, Louisiana 70802